IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANAH LEE BETHSCHEIDER,**

    **Plaintiff,**

    v.

**WESTAR ENERGY,**

    **Defendant.**

Case No. 16-4006-CM

## MEMORANDUM AND ORDER

Plaintiff Danah Lee Bethscheider brings this case against defendant Westar Energy for claims under the Americans with Disabilities Act ("ADA') and the Kansas Acts Against Discrimination ("KAAD"). Plaintiff alleges she is disabled due to debilitating migraines which interfere with her ability to work. She claims defendant fired her for excessive absenteeism and refused her request for reasonable accommodations for her disability. The case is now before the court on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 12). For the following reasons, the court denies defendant's motion.

**I.**    **Factual Background**

Plaintiff was hired by defendant on January 27, 2014 as an accounts payable analyst. She claims that she suffers from severe migraine headaches once every one or two months "which result in extreme pain and vision impairment and interfere with her ability to perform work-related tasks." (Doc. 8 at 2.) The symptoms from these migraines prevent her from performing work for a period of hours and sometimes require her to leave work unexpectedly until the headaches subside after several hours. According to the amended complaint, plaintiff suffered severe migraine headaches on three or four occasions after she was hired by defendant. Most of the time after suffering attack, plaintiff only

missed the balance of the work day in which she suffered the migraine, and was able to return the next day and make up any missed work. Plaintiff had to miss an additional day to recover on only one occasion. Plaintiff claims she notified her supervisor as to her condition and the need for accommodations to take occasional time off work to recover from migraine attacks.

On May 12, 2014 plaintiff's employment was terminated for excessive absenteeism. The written notice of her termination noted she was absent eleven times since she was hired at the end of January. Plaintiff claims besides the absences related to her migraines, all other absences had been approved by her supervisor and that she had been able to make up the missed work.

Upon receiving notice she was subject to termination for excessive absenteeism, plaintiff claims she notified the Human Resources Department that her condition required accommodations, such as being able to take reasonable time off work when she suffered a migraine. She told HR that despite being occasionally absent for her condition, she would be able to complete missed work assignments either at home, or by coming in early. Defendant then allegedly informed plaintiff that migraine headaches are not a cognizable disability and that she had no right to any reasonable accommodations.

After her termination, plaintiff filed a complaint with the Kansas Human Rights Commission for wrongful termination. She also filed a request for review with the Equal Employment Opportunity Commission ("EEOC"), which issued a "right to sue" letter. Plaintiff then filed the present case with this court.

**II.     Standard**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss under

12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pled factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### III. Discussion

#### a. ADA Claim

Plaintiff claims defendant terminated her employment for excessive absenteeism in violation of the ADA because she was not afforded reasonable accommodations for her migraine headache condition, which she argues is a disability under the Act.

The ADA was passed, among other reasons, to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Specifically in the employment context, the ADA prohibits discrimination against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination against a qualified individual on the basis of a disability includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee" unless that accommodation would impose an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A).

To establish a prima facie case of discrimination under the ADA, plaintiff must prove (1) she is a disabled person as defined by the ADA; (2) she is qualified, without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) she suffered discrimination by an employer or prospective employer because of that disability.  *See Zwygart v. Bd. of Cnty. Com'rs of Jefferson Cnty., Kan.*, 483 F.3d 1086, 1090 (10th Cir. 2007).

Defendant moves to dismiss plaintiff's case arguing she does not suffer a disability as defined by the ADA.

A disability is defined under the Act as "a physical or mental impairment that substantially limits one or more major life activities of such individual" with either "a record of such an impairment" or "being regarded as having such an impairment."  42 U.S.C. § 12102(1).  Major life activities include, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and *working*."  42 U.S.C. § 12102(2)(A) (emphasis added).

Plaintiff claims her migraine headaches are a disability under the ADA because they substantially limit her ability to perform a major life activity—to work.

The EEOC has defined "substantially limits" to mean "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities."  *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 523 (1999) (citing 29 CFR § 1630.2(j)(3)(i) (1998)).  To be regarded as "substantially limited" in the major life activity or working, "one must be regarded as precluded from more than a particular job."  *Id.*  (citing § 1630.2(j)(3)(i) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.")).

Whether an individual is disabled under the ADA is "a highly fact sensitive issue, requiring an individualized inquiry and case-by-case determination." *Dutton v. Johnson Cnty. Bd. of Cnty. Com'rs*, 859 F. Supp. 498, 506 (D. Kan. 1994).

Defendant argues plaintiff has not pleaded facts to make her claim for an ADA violation plausible under the Rule 12(b)(6) standard.  As noted above, when evaluating whether a case should be dismissed for failure to state a claim, the court must decide, when taking all allegations of fact as true, whether plaintiff has stated a claim for relief that is plausible or that shows the defendant is liable for the misconduct alleged.

Defendant alleges that plaintiff has failed to establish she is disabled because she has not demonstrated that she is prevented from working a "broad range of jobs."  Defendant argues that in her amended complaint, plaintiff has shown that she is in fact able to work despite her migraine headaches. Defendant refers to various allegations in the amended complaint in which plaintiff claims that she can make up her work assignments after suffering from a migraine by coming in early or taking a work laptop home.  Defendant argues the fact plaintiff is able to complete her work regardless of her migraines proves she is not disabled under the ADA, and therefore her claim is not plausible.

Courts have found that migraine headaches may constitute a disability under the ADA.  *See Dutton*, 859 F. Supp. at 506 (denying summary judgment to defendant finding "[t]he evidence in this case shows that plaintiff's headaches contributed significantly to the absenteeism for which he was dismissed."). Other courts have found a plaintiff's migraine headaches do not constitute a disability. *See Allen v. SouthCrest Hosp.*, 455 F. App'x. 827, 835 (10th Cir. 2011) (granting summary judgment to defendant finding plaintiff, who suffered from migraine varying in severity several times per week, did not establish she was substantially limited in performing a class of jobs or broad range of jobs.)

The cases defendant cites in support of its argument that migraine headaches are not a disability were decided at the summary judgment stage, when more evidence was available. The question at this stage of litigation is whether plaintiff has pleaded enough facts to establish her claim for an ADA violation is plausible. The court finds that she has.

Defendant argues as a matter of law plaintiff's claim fails because she has not demonstrated her migraine headaches prevent her from working a broad range of jobs because she is able to make up missed work when she suffers from a migraine. Plaintiff, however, alleged that when she suffers from a migraine she is unable to work until the headache subsides. She claims she suffered from migraine headache outbreaks during her employment, which resulted in her absence on three to four occasions. These three to four absences were counted as part of the eleven total absences listed on her termination notice. Plaintiff has established at this stage that her claim against defendant is, at least, plausible. Defendant's motion to dismiss is therefore denied.

### b. KAAD Claim

Plaintiff's claim of discrimination based on her alleged disability under the KAAD is identical to her claim under the ADA. "The same standards and burdens applied to an ADA claim are also applied to a KAAD claim." *Kinchion v. Cessna Aircraft Co.*, 504 F. Supp. 2d 1137, 1142 (D. Kan. 2007) (citing *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1403 n.3 (10th Cir. 1997)). Therefore, defendant's motion to dismiss is denied as to both claims.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 12) is denied.

Dated January 13, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**