# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANAH LEE BETHSCHEIDER,

    **Plaintiff,**

    v.

WESTAR ENERGY, INC.,

    **Defendant.**

Case No. 16-4006-CM

## MEMORANDUM AND ORDER

Plaintiff Danah Lee Bethscheider brings this case against defendant Westar Energy, Inc., claiming she was terminated in violation of the Americans with Disabilities Act ("ADA"). Defendant's Motion for Summary Judgment (Doc. 29) is currently pending. The matter is now before the court on plaintiff's Motion to Amend the Pretrial Order, For Leave to Respond to Defendant's Motion for Summary Judgment Out of Time, and to Re-Open Discovery for a Limited Purpose (Doc. 40). For the reasons set forth, the court grants plaintiff's motion in part and denies it in part.

**I.    Background**

On January 29, 2016, plaintiff filed a pro se complaint against defendant alleging "disability discrimination and retaliation, specifically failed to accommodate my disability and terminated my employment (took away another position) for asking for an accommodation for my disability and terminated because of my disability." (Doc. 1, at 3.) Nearly a month later, plaintiff, still proceeding pro se, filed an amended complaint consisting of two counts against defendant—(1) a claim for wrongful termination of employment on the basis of disability in violation of the Americans with Disabilities Act (ADA), and (2) a claim for wrongful termination of employment on the basis of disability in violation of the Kansas Acts Against Discrimination (KAAD). (Doc. 8, at 7.)

On July 29, 2016, attorney Curtis Holmes entered his appearance on behalf of plaintiff. Discovery commenced after this court denied defendant's motion to dismiss. According to plaintiff, Holmes did not conduct any discovery on her behalf. Defendant filed its motion for summary judgment on October 6, 2017. Plaintiff filed her response one month after the response deadline, providing no explanation for the tardy filing. Defendant timely filed its reply.

On May 18, 2017, Holmes filed a motion to withdraw (Doc. 33). Holmes had recently received a one-year suspension of his license to practice law from the Kansas Bar. The court granted his motion to withdraw and, finding it had been filed past the deadline, struck his response to defendant's summary judgment motion. The court also granted plaintiff 30 days to hire new counsel and instructed that, upon retaining new counsel, the court would consider a motion to file a response to defendant's summary judgment motion out of time. On July 16, 2018, attorney Katherine Myers entered her appearance on behalf of plaintiff. Myers promptly filed the present motion requesting an extension of time to file a response to defendant's summary judgment motion as well as requesting leave to amend the pretrial order and to reopen discovery. Defendant opposes plaintiff's requests.

**II.     Analysis**

The court recognizes the unique circumstances of this case. Plaintiff's attorney was forced to withdraw from her case due to the suspension of his law license. Prior to withdrawing, plaintiff's attorney filed a late summary judgment response with no explanation for the tardiness. The court, therefore, struck the response, leaving plaintiff in the difficult position of having no counsel, and no response to defendant's summary judgment motion on file. In the interest of fairness, the court allowed plaintiff time to retain new counsel.

The court, however, must balance this with fairness to defendant, who has followed the rules so far and should not be penalized for unfortunate circumstances out of its control.

Generally, parties cannot use their attorneys as a basis for excusable neglect to justify, for example, setting aside a judgment. *See Klein-Becker USA, LLC v. Collagen Corp.*, No. 2:07-CV-873 TS, 2010 WL 1816240, at *2 (D. Utah, May 5, 2010) (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (finding "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).")). In our "'system of representative litigation,' attorney negligence is an insufficient basis for a party to 'avoid the consequences of the acts or omissions of [a] freely selected [attorney].'" *S.E.C. v. Fox*, 529, F. App'x. 947, 950 (10th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962)). Parties must "be held accountable for the acts and omissions of their chosen counsel," and "the proper focus is upon whether the neglect of respondents *and their counsel* was excusable." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993).

In considering this, and the fairness to both parties, the court must determine whether to 1) allow plaintiff to file a response to defendant's summary judgment motion out of time, 2) allow plaintiff to amend the pretrial order, and 3) re-open discovery.

   *a. Summary Judgment Response*

Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, a court may, for good cause, extend the time to file a pleading "on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer*, 507 U.S. at 388. A court, therefore, may accept late filings caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id*. In determining whether neglect is "excusable," a court must "take account of all relevant circumstances surrounding the party's omission." *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). A court may consider 1) the danger of

prejudice, 2) the length of the delay and its potential impact on judicial proceedings, 3) the reason for the delay, and 4) whether the movant acted in good faith. *Id.*

Again, the circumstances in the present case are unique in that plaintiff's new counsel seeks leave for an extension of time to file a response due to the actions of plaintiff's former counsel. Plaintiff's former counsel filed a response a month after the deadline without any explanation for the tardiness. Plaintiff's new counsel admits that there is no explanation for why plaintiff's previous counsel failed to file a timely response but seeks an extension of time now to file a timely response.

Defendant opposes the motion, claiming it would be prejudiced because it has already filed its motion and reply to plaintiff's tardy response. Defendant argues it would be unfair to allow plaintiff to file a new response with the benefit of having read defendant's reply; which, according to defendant, provided a "road map" to its arguments. Defendant insists that having had access to the reply gives plaintiff an "enormous advantage" because she has the opportunity to know "exactly what changes she needs to make from her previous, out-of-time response to address, and to attempt to defeat the arguments Westar made earlier in its Reply. This is the equivalent of the parties playing poker against each other and Westar being forced to show its cards throughout the game while Plaintiff's cards remain face down on the table." (Doc. 43, at 9–10.)

The court acknowledges defendant's position and understands the concern. The purpose of summary judgment, however, is to determine, pre-trial, whether there are any genuine disputes as to any material facts and whether the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Regardless of whether a response has been filed by the non-moving party, the court must still review the record and determine whether summary judgment is appropriate. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th

Cir. 2002) (noting, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party.").

The court takes noncompliance with the rules seriously. But in the interest of justice, and, considering that the circumstances were out of plaintiff's control, the court will grant plaintiff's motion for leave to file a response out of time. Plaintiff complied with the court's order and hired new counsel. Her new counsel then promptly filed this motion. The court believes that this is the most just result. The court would appreciate the opportunity to fully review this case to determine whether summary judgment is appropriate. Allowing plaintiff to file a response would be the most effective way to accomplish that, regardless of whatever tactical advantages either side believes they will gain or lose. Plaintiff is therefore granted 30 days from the date of this order to file a response to defendant's summary judgment motion.

*b. Pretrial Order and Discovery*

The court, however, declines to allow any amendments to the pretrial order or to reopen discovery. The court believes that allowing amendments to the pretrial order or reopening discovery may require defendant to conduct further discovery or refile an updated summary judgment motion. This case has been pending for more than three years. Defendant has complied with the rules, conducted timely discovery, and filed its dispositive motion. It should not be prejudiced by any further delays to litigation.

The court understands that potential errors or omissions made by plaintiff's former counsel may cause her a disadvantage, but again, parties must "be held accountable for the acts and omissions of their chosen counsel." *Pioneer*, 507 U.S. at 397. Any damages caused by these errors or omissions may be recovered in a legal malpractice suit.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend the Pretrial Order, For Leave to Respond to Defendant's Motion for Summary Judgment Out of Time, and to Re-Open Discovery for a Limited Purpose (Doc. 40) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that any response to the Motion for Summary Judgment (Doc. 29) must be filed within 30 days of the date of this order.

Dated March 20, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**